Amend

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT**

FILED
2011 MAY 20 P 1:38
U.S. DISTRICT COURT
BRIDGEPORT, CONN.

**PRO SE PRISONER CIVIL RIGHTS COMPLAINT**

**WARNING: You cannot use this form to ask the Court to release you from prison, to shorten your sentence, or to give you back good time credits that were taken away.** If that is what you want, you must use the forms for a writ of habeas corpus.

CASE NO. 3:11-CV-00327-RNC

PLAINTIFF(S) [Write the name(s) of the person(s) complaining]

Russell Peeler
~~C/O Wilbur Stro~~

vs.

DEFENDANT(S) [Write the name(s) of the person(s) you are suing. If you do not know a name, write "John Doe" or "Jane Doe." Include the defendant's rank or title and place of employment if you know it.]

Warden Jeffrey McGill
Captain Scott Salius
C/O Wilbur Strozier
C/O Steven Vieira
C/O Robert Miholink
C/O Anthony Chukwurah
C/O John Doe

Rev. 10/14/09

**Complete every section and SIGN THE LAST PAGE.** The Court cannot give you legal advice, so if you need help, you should call Inmate Legal Assistance at 1-800-301-ILAP (4527). It is a good idea to ask ILAP to review your complaint before you send it to the Court, to make sure that your allegations describe the kind of claim that you can make in federal court and minimize the risk that your case will be dismissed for failure to state a good legal claim.

A.   **JURISDICTION**

Because federal courts cannot hear every kind of claim, you must identify the law that says this court can hear your claim. There are two possibilities. Check **one**.

I can bring my complaint in federal court because I am suing:

1. ___✓___ State, county or city employees for violating my federal rights under 42 U.S.C. Sec. 1983; OR

2. _____ Federal employees for violating my federal rights under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) and 28 U.S.C. Sec. 1331.


B.   **PLAINTIFF(S)**   (THE PERSON(S) FILING THIS COMPLAINT)

If there are more than two plaintiffs, attach additional pages. Provide items a, b, and c for each additional plaintiff.

1.   First Plaintiff
   a.   Full Name: Russell Peeler
   b.   Inmate Number: 254490
   c.   Correctional facility: Northern CI
   d.   State of citizenship: CT U.S Citizen

2.   Second Plaintiff
   a.   Full Name:
   b.   Inmate Number:
   c.   Correctional facility:
   d.   State of citizenship:

**C. DEFENDANT(S)** (THE PERSON(S) WHOSE ACTIONS YOU ARE COMPLAINING ABOUT)

If you are suing more than six people, attach additional pages. **Provide items 1, 2, and 3 for each additional defendant.**

1. First Defendant
   a. Full Name: Jeffrey McGill
   b. Rank or Title: Warden
   c. Workplace: Retired

2. Second Defendant
   a. Full Name: Scott Salius
   b. Rank or Title: Captain
   c. Workplace: McDougal CI

3. Third Defendant
   a. Full Name: Robert Miholink
   b. Rank or Title: Correctional Officer
   c. Workplace: Northern CI

4. Fourth Defendant
   a. Full Name: Wilbur Strozier
   b. Rank or Title: Correctional Officer
   c. Workplace: Facility is unknown

5. Fifth Defendant
   a. Full Name: Steven Viera
   b. Rank or Title: Correctional Officer
   c. Workplace: Northern CI

6. Sixth Defendant
   a. Full Name: Anthony Chukwurah
   b. Rank or Title: Correctional Officer
   c. Workplace: Northern CI

Seventh Defendant John Doe
Rank or title ~~Northern CI~~ Correctional Officer
Work Place Northern CI

Rev. 10/14/09                     3

**D.   PREVIOUS LAWSUITS RELATED TO THIS CASE**

Tell the Court if any plaintiff has filed other state or federal lawsuits involving these defendants or events. If you need more space, attach additional pages. **Provide items a-d for each case.**

1.  First Lawsuit
    a.  Court and Date filed: United States District of Connecticut in Hartford
    b.  Caption and Docket No.: filed April 23, 2010  Doc# 3:10 cv 540 (RNC)
        Russell Peeler v Katherine Lmyrick
    c.  Briefly, what was this lawsuit about? Injunction




    d.  Did you win or lose? If you lost, did you appeal? If you appealed, what did the appeals court say? It hasn't been decided


2.  Second Lawsuit  None
    a.  Court and Date filed:
    b.  Caption and Docket No.:
    c.  Briefly, what was this lawsuit about?




    d.  Did you win or lose? If you lost, did you appeal? If you appealed, what did the appeals court say?


3.  Third Lawsuit  None
    a.  Court and Date filed:
    b.  Caption and Docket No.:
    c.  Briefly, what was this lawsuit about?


    d.  Did you win or lose? If you lost, did you appeal? If you appealed, what did the appeals court say?

**E.   OTHER LAWSUITS**

Tell the Court if any plaintiff has filed other federal lawsuits in this court within the past ten (10) years. If you need more space, attach additional pages. **Provide items a-d for each case.**

1.   First Lawsuit  None

   a.   Court and Date filed:

   b.   Caption and Docket No.:

   c.   Briefly, what was this lawsuit about?

   d.   Did you win or lose? If you lost, did you appeal? If you appealed, what did the appeals court say?

2.   Second Lawsuit  None

   a.   Court and Date filed:

   b.   Caption and Docket No.:

   c.   Briefly, what was this lawsuit about?

   d.   Did you win or lose? If you lost, did you appeal? If you appealed, what did the appeals court say?

3.   Third Lawsuit  None

   a.   Court and Date filed:

   b.   Caption and Docket No.:

   c.   Briefly, what was this lawsuit about?

   d.   Did you win or lose? If you lost, did you appeal? If you appealed, what did the appeals court say?

F.     **REASON FOR COMPLAINT**

WARNING: Common mistakes can get your case **dismissed as frivolous or for failure to state a good legal claim**. If this happens, you will still have to pay the filing fee, even if you are proceeding *in forma pauperis*. To avoid losing your filing fee, please read this information carefully and consult Inmate Legal Assistance at 1-800-301-ILAP (4527) before you file.

1. Failure to use the prison grievance process before suing. You can generally only sue for events that you have already complained about through the prison grievance process. If you have not followed all the steps in the grievance process before you come to court, the defendants may be able to get your case dismissed for "failure to exhaust administrative remedies." If your case is dismissed, you will lose your filing fee.

2. Complaining about incidents that happened a long time ago: You can generally only sue for events that happened within the last three years. If you are suing over events that happened earlier than that, the defendants may be able to get your case dismissed under the statute of limitations. If your case is dismissed, you will lose your filing fee.

3. Suing people who were not personally involved: You can generally only sue defendants who were directly involved in harming you. In order to sue a supervisor, you must usually show that the supervisor both knew about the actions of other defendants and failed to stop them. Just being a supervisor usually is not enough.

4. Suing defendants who have immunity to suit for money damages: You generally cannot sue the following people and entities for money damages: the State of Connecticut; agencies of the state (like the Department of Correction); the United States government; the President of the United States (for actions taken while President); judges (for actions taken in connection with judicial duties); parole board officers (for actions taken in imposing parole conditions or revoking parole); prosecutors (for actions taken in performing duties integral to the criminal judicial process). If you think you have a claim for money damages against such people or entities, check with Inmate Legal Assistance first, or your case may be dismissed on the basis of immunity and you will lose your filing fee.

5. Complaining about a criminal conviction or prison disciplinary

proceeding that resulted in loss of good time credits or other change to your time in prison. If winning your claims "would necessarily imply the invalidity" of a criminal conviction or prison disciplinary punishment affecting the time served, then you cannot make these claims under Section 1983 unless you have already had the conviction or prison disciplinary proceeding invalidated, for example through a habeas proceeding. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

Please note that this is not a complete list of the problems you might encounter with your case. **The Court cannot give you legal advice and will not appoint a lawyer for you until it is clear that you have a good legal claim.** Until then, your best strategy is to call the Inmate Legal Assistance Program at 1-800-381-ILAP before you file a complaint. **If Inmate Legal Assistance says you do not have a good case, you should consider that advice very seriously.**

You do not need to cite to the Constitution, any statutes, or any cases. However, it is important to **be specific about dates, times, and the names of the people involved.** It is helpful to put each important fact in a separate, numbered paragraph.

If you do not know the name of the person who harmed you, call that person Defendant Doe and provide some information from which it will be possible to identify the person - for example, gender, rank and shift. If there is more than one defendant whose name you do not know, call them Defendant Doe1, Defendant Doe2, and so on.

**Here is an example of the proper way to describe your claims:**

Example of Statement of Case

1. On April 1, 2007, I fell and injured my foot during a basketball game with other prisoners.
2. After the game, I asked Defendant CO Brian Smith to let me see the nurse. Defendant CO Brian Smith told me that I could not see the nurse because it was not an emergency.
3. During the afternoon, my foot became swollen and very painful.
4. At about 5 p.m., in the presence of my cellmate Bill Bloggs, I told Defendant Lieutenant Jane Doe, who was the shift supervisor, that I needed a doctor and showed him my swollen foot.
5. Defendant Lieutenant Jane Doe brought me two Tylenol and told me that I could not see the nurse until sick call the next morning.
6. The next day, I could not get out of bed because my foot was so swollen and painful. I had to go to hospital and have an operation to fix my foot.
7. I had to take pain medication for two months after the operation and have needed a walking stick for support since that time.

**Now describe your claims.**

Statement of Case

1. Jurisdiction  The court has jurisdiction over the plaintiff's claims of 8th Amendment and deliberate indifference for relief under 42 U.S.C 1983

(Parties)

2. The plaintiff Russell Peeler at the time of the assault was severely and permanently injured on May 14, 2008 while in the care and custody at Northern CI at 287 Bilton Hill Road Somers CT 06071. At the time of my attack Internal DoC regulations and policy prohibits, deathrow inmates contact with one another and must be escorted by two Correctional officers out of their cells.

3. Defendant Robert Miholink a C.O and at the time of the attack on May 14, 2008. He was operating the control pod where allowed Daniel Webb out of his cell to shower and allowed him out of the shower and he gave this inmate access to my cell. A clear violation of policy. Deathrow inmates have to be escorted by two guards out of their cell.

4. Defendant Captain Scott Salius he is the Unit Manager and he failed to supervise his officers to ensure they're adhering to policy. He failed to separate me and Daniel Webb. According to Capt Salius he wrote a report indicating the Plaintiff and Daniel Webb had a verbal argument.

5. Defendant C.O Steven Viera he was an officer working on the floor the day of the attack. His failure to escort Daniel Web along with another officer in and out his cell was a cause to my attack

6. Defendant Wilbur Strezier, he was an officer on the floor and he failed to escort this inmate along with another officer in and out of his cell which led to my attack

7. Defendant Anthony Chukwurah an officer on the floor who failed to escort inmate Daniel Web along with another officer to and from his cell. Their failure led to my attack

8. Defendant John Doe a floor officer failed to escort inmate Daniel web along with another officer in and out of his cell this failure led to my attack

9. Defendant Warden Jeffrey McGill failed to supervise and make sure his officers follow his policy he is mandated to tour deathrow at least twice a week. His deliberate indifference led to my attack.

10.

If you need more space, attach additional pages, but be as brief as possible.

G.  **REQUEST FOR RELIEF**

Tell the court what kind of relief you want. **Remember:** (1) You can only get money damages for mental or emotional injury if you were also physically injured; (2) Money damages may be reduced to pay restitution to victims of your crime and fees for a court-appointed attorney, if you had one; (3) You cannot use a Section 1983 or *Bivens* action to request release from custody, a reduction in your sentence, or a restoration of good time credits. For any of these, you must pursue a Writ of Habeas Corpus.

I would like each of the defendants named to award the plaintiff Punitive damages, Compensatory Damages

H.  Do you wish to have a jury trial?  Yes ✓   No ___

I.  **DECLARATION UNDER PENALTY OF PERJURY**

Warning: **You must sign this** or your complaint will not be filed.

By signing this complaint, I certify under penalty of perjury that the information contained in this complaint is true and accurate to the best of my knowledge. I understand that if I lie in this complaint, I may be prosecuted for perjury, and punished with as much as five (5) years in prison and/or a fine of $250,000. See 18 U.S.C. Sections 1621, 3571.

Signature: Ralph

Signed at  Northern CI  on  9-9-11
           (Location)              (Date)

If there are additional plaintiffs, attach another page with the name and signature of each plaintiff on it. **The complaint cannot be filed without a signature from each plaintiff.**

Rev. 10/14/09                          9

**J.    FINAL INSTRUCTIONS**

WARNING: **Your complaint will not be filed** unless you complete each of these steps:

1. Sign the Declaration under Penalty of Perjury on p. 9

2. Be sure to include the date with your signature on p. 9

3. Enclose a check for $350 (payable to "Clerk, United States District Court") **OR** a completed Application to Proceed In Forma Pauperis

4. Enclose **one** copy of the complaint for the Clerk's Office. You do not need to send a copy for each defendant.

5. Send the complaint plus either your application for IFP status or your check for $350 (payable to "Clerk, United States District Court") to one of the addresses below:

   - CLERK'S OFFICE, UNITED STATES DISTRICT COURT, 915 LAFAYETTE BOULEVARD, BRIDGEPORT, CT 06604.

   - CLERK'S OFFICE, UNITED STATES DISTRICT COURT, 450 MAIN ST, HARTFORD, CT 06103

   - CLERK'S OFFICE, UNITED STATES DISTRICT COURT, 141 CHURCH ST, NEW HAVEN, CT 06510

Remember, the Clerk cannot file your complaint unless you take all of the steps above.