```
                 UNITED STATES DISTRICT COURT
                   DISTRICT OF CONNECTICUT

RUSSELL PEELER,                  :
     Plaintiff,                  :
                                 :         PRISONER
V.                               :    CASE NO. 3:11-cv-327(RNC)
                                 :
JEFFREY McGILL, et al.,          :
     Defendants.                 :
```

                                ORDER

On May 3, 2011, plaintiff was ordered to amend his complaint to allege facts demonstrating how each defendant was involved in the events at issue.  An amended complaint has been filed.

Under 28 U.S.C. § 1915A, a court must review a prisoner's complaint against employees of a government entity and dismiss any portion of the complaint that fails to state a claim upon which relief may be granted.  In reviewing a pro se complaint under § 1915A, a court must assume the truth of the allegations and interpret them liberally to "raise the strongest arguments [they] suggest[]."  Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007).  To survive review, a complaint must include sufficient facts to give the defendants fair notice of the nature of the claims and the grounds on which they are based. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007).  In addition, a complaint must contain "enough facts to state a claim to relief that is plausible on its face."  Id. at 570.

Plaintiff alleges that defendant Mihaliak was stationed in the control room and was responsible for unlocking doors and

providing inmate Webb access to the plaintiff's cell.  Defendants Viera, Strozier, Chukwurah and Doe were working in the unit on the day of the incident.  Plaintiff alleges that two of these defendants should have been escorting inmate Webb as required by prison policy.  Plaintiff alleges that Warden McGill and Captain Salius failed to properly supervise the other defendants.  Captain Salius also allegedly failed to separate plaintiff and inmate Webb and wrote in his report that the two inmates had a verbal argument.

   Plaintiff's allegations are sufficient to warrant service of the amended complaint with regard to all the named defendants except Warden McGill.  Supervisory officials are not responsible for violations committed by subordinates unless the supervisor created or condoned a policy or custom that led to the violation, failed to act on information that unconstitutional acts were occurring, or was grossly negligent in supervising the subordinates.  See Hernandez v. Keane, 341 F.3d 137, 144 (2d Cir. 2003).  There is no allegation that Warden McGill was involved in this incident, was aware of prior incidents of this nature or was grossly negligent.

   Accordingly, it is hereby ordered:

   (1)  All claims against defendant McGill are dismissed pursuant to 28 U.S.C. § 1915A.

   (2)  The Pro Se Prisoner Litigation Office will verify the current work addresses for each of the remaining defendants, mail

waiver of service of process request packets including the amended complaint to each defendant in his individual capacity within fourteen (14) days of this Order, and report to the Court on the status of those waiver requests on the thirty-fifth (35) day after mailing.  If any defendant fails to return the waiver request, the Pro Se Prisoner Litigation Office will make arrangements for in-person service by the U.S. Marshal on the defendant in his individual capacity and the defendant will be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

    (3)  The Pro Se Prisoner Litigation Office will send a courtesy copy of the complaint and this order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

    (4)  The Pro Se Prisoner Litigation Office will send written notice to the plaintiff of the status of this action, along with a copy of this order.

    (5)  Plaintiff must inform the Court within twenty days from the date of this order of the identity of defendant John Doe. Failure to do so will result in dismissal of all claims against defendant Doe.

    So ordered this 21st day of July 2011.

                                                        /s/
                                        Robert N. Chatigny
                                  United States District Judge